UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| Independent Market Monitor for PJM,  )<br>Petitioner  )<br>  )<br>v.  )<br>  )<br>Federal Energy Regulatory  )<br>Commission,  )<br>Respondent  )<br>  ) | No. 24-1164 |

**REPLY OF RESPONDENT
FEDERAL ENERGY REGULATORY COMMISSION
IN SUPPORT OF MOTION TO DISMISS
PETITION FOR REVIEW**

The response filed by the Independent Market Monitor for PJM (Market Monitor) fails to identify any material harm to its operations sufficient to confer Article III standing here. Accordingly, the Court should grant the Commission's motion to dismiss (Motion).

The Market Monitor offers several alleged harms stemming from its inability to attend Liaison Committee meetings. These include interference with the Market Monitor's ability to provide market design input and to communicate with market participants and the PJM Board

of Managers (PJM Board).  Response at 3.  The Market Monitor further suggests that to ensure the independent execution of its functions, it must be allowed to listen in when Liaison Committee members express dissatisfaction with the Market Monitor's performance.  *See id*. at 10-11, 14-16.

The Commission's Motion, however, explained why these concerns were misplaced.  The Market Monitor has a direct line to the PJM Board and its decision-making process, including on decisions related to market rules and market monitor performance.  *See* Motion at 7 (citing *Pub. Serv. Comm'n of West Va. v. PJM Interconnection, L.L.C.*, Order Denying Complaints, 186 FERC ¶ 61,163, at PP 85-86 (Mar. 1, 2024) (Order); PJM Rate Schedule No. 46, Market Monitoring Services Agreement (Services Agreement), section 28 (Communication and Cooperation) (0.0.0), Mot. Add. A-2).

Indeed, as the Commission found, "the Market Monitor has ample opportunities to meet with the PJM Board, both directly and indirectly." Order P 86 & n.202; *see also* Response at 13 (admitting that the Market Monitor has access to the PJM Board and market-related data).

2

The Market Monitor frequently participates in discussions on market rule changes, including those involving PJM Board members. *See* Order P 86 & nn.203-205; *see also* Response at 7 (acknowledging that the Market Monitor may present "its own proposals for new or revised rules and actively comments on proposals submitted by others"). And the Market Monitor does not identify any provision of its consulting contract that supports its claim to standing here. *See* Response at 13-14 (explaining that "this case is not about" contractual rights).

At bottom, then, the Market Monitor asserts that it faces limits in the types of meetings it can attend but it does not identify any legally protected or particularized interest that the Order invades. Generalized "[f]rustration of an organization's objectives is the type of abstract concern that does not impart standing." *Ctr. for L. & Educ. v. Dep't of Educ.*, 396 F.3d 1152, 1161-62 (D.C. Cir. 2005) (quoting *Nat'l Treas. Employees Union v. United States*, 101 F.3d 1423, 1429 (D.C. Cir. 1996)); *see also Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 919 (D.C. Cir. 2015) (challenged conduct must have "perceptibly impaired" the plaintiff's "ability to provide services" to amount to injury in fact).

3

                                          Respectfully submitted,

                                          Robert H. Solomon
                                          Solicitor

                                          */s/ Jason T. Perkins*
                                          Jason T. Perkins
                                          Attorney

Federal Energy Regulatory Commission
888 First Street, NE
Washington, DC 20426
Telephone: (202) 502-6413
Email: jason.perkins@ferc.gov

*Counsel for Federal Energy Regulatory Commission*

July 19, 2024

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I certify that this reply complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 468 words.

I further certify, pursuant to Fed. R. App. P. 27(d)(1)(E), that this reply complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in Century Schoolbook 14-point font using Microsoft Word.

*/s/ Jason T. Perkins*
Jason T. Perkins
Attorney

Federal Energy Regulatory Commission
888 First Street, NE
Washington, DC 20426
Telephone: (202) 502-6413
Email: jason.perkins@ferc.gov

July 19, 2024

# CERTIFICATE OF SERVICE

I hereby certify that, on July 19, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Jason T. Perkins*
Jason T. Perkins
Attorney

Federal Energy Regulatory Commission
888 First Street, NE
Washington, DC 20426
Telephone: (202) 502-6413
Email: jason.perkins@ferc.gov

July 19, 2024